Juan Jose MIRANDA–GODINEZ, aka
Juan Miranda, aka Juan Jose
Miranda, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–71485.

United States Court of Appeals,
Ninth Circuit.

Submitted April 28, 2016.*

Filed April 28, 2016.

Ben Winograd, Alexandria, VA, Jon Wu, Wu Jon Law Corporation, San Mateo, CA, for Petitioner.

Jesse Matthew Bless, Oil, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

MEMORANDUM **

Petitioner Juan Jose Miranda–Godinez petitions for review of a decision of the Board of Immigration Appeals (BIA) determining that Miranda–Godinez's conviction for arson under California Penal Code § 451(d) was an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(F). Specifically, the BIA determined that Miranda–Godinez's arson conviction constituted a "crime of violence" under 18 U.S.C. § 16(b).

However, as the Attorney General concedes, our recent decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir.2015), controls the outcome of this case. In *Dimaya*, we adhered to the rationale articulated in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2558, 192 L.Ed.2d 569 (2015), where the Court held that the definition of a "violent felony" in the residual clause of the Armed Career Criminal Act was unconstitutionally vague. We held that similar language in 18 U.S.C. § 16(b), as incorporated into 8 U.S.C. § 1101(a)(43)(F)'s definition of a "crime of violence," is also unconstitutionally vague. *See Dimaya*, 803 F.3d at 1111. We are bound by this precedent, which does not support the BIA's determination.

The petition for review is **GRANTED** and we **REMAND** to the BIA for termination of removal proceedings.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.